## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| NORFOLK COUNTY RETIREMENT SYSTEM, Individually and on Behalf of all Others Similarly Situated,<br><br>      Plaintiff,<br><br>      v.<br><br>HARRIS STRATEX NETWORKS, INC., GUY M. CAMPBELL, HARALD J. BRAUN, SARAH A. DUDASH, HOWARD L. LANCE and SCOTT T. MIKUEN,<br><br>      Defendants. | C.A. No.: 08-578 (JJF)<br>**CLASS ACTION** |
| KAREN DUTTON, Individually and on Behalf of all Others Similarly Situated,<br><br>      Plaintiff,<br><br>      v.<br><br>HARRIS STRATEX NETWORKS, INC., GUY M. CAMPBELL, HARALD J. BRAUN, SARAH A. DUDASH, HOWARD L. LANCE AND SCOTT T. MIKUEN,<br><br>      Defendants. | C.A. No.: 08-755 (JJF)<br>**CLASS ACTION** |

JACK KLEINMANN, Individually and on )
Behalf of all Others Similarly Situated, )
                                          )
          Plaintiff, )
                                          )
          v. )          C.A. No.: 08-815 (JJF)
                                          )          **CLASS ACTION**
HARRIS STRATEX NETWORKS, INC., )
GUY M. CAMPBELL, HARALD J. BRAUN, )
SARAH A. DUDASH, HOWARD L. LANCE )
AND SCOTT T. MIKUEN, )
                                          )
          Defendants. )
_____ )

## BRIEF IN SUPPORT OF MOTION OF DULUTH TEACHERS' RETIREMENT FUND ASSOCIATION TO: (1) CONSOLIDATE THE RELATED SECURITIES ACTIONS; (2) APPOINT DULUTH TEACHERS' RETIREMENT FUND ASSOCIATION AS LEAD PLAINTIFF; AND (3) APPROVE LEAD PLAINTIFF MOVANT'S CHOICE OF CO-LEAD AND LIAISON COUNSEL

**MORRIS JAMES LLP**

Edward M. McNally (#614)
Matthew F. Lintner (#4371)
Corinne Elise Amato (#4982)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800
emcnally@morrisjames.com
mlintner@morrisjames.com
camato@morrisjames.com

***Proposed Liaison Counsel for Duluth
Teachers' Retirement Fund Association***

Richard A. Lockridge, Esquire
Karen H. Riebel, Esquire
Elizabeth R. Odette, Esquire
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South
Suite 2200
Minneapolis, MN 55401
(612) 339-6900
ralockridge@locklaw.com
khriebel@locklaw.com
erodette@locklaw.com

Frederic S. Fox, Esquire
Joel B. Strauss, Esquire
Jeffrey P. Campisi, Esquire
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue
New York, NY 10022
(212) 687-1980
ffox@kaplanfox.com
jstrauss@kaplanfox.com
jcampisi@kaplanfox.com

***Proposed Co-Lead Counsel for Duluth
Teachers' Retirement Fund Association***

Dated: November 14, 2008

## TABLE OF CONTENTS

Page

TABLE OF AUTHORITIES ................................................................................................ ii

INTRODUCTION ............................................................................................................... 1

PROCEDURAL BACKGROUND....................................................................................... 3

SUMMARY OF THE ACTION .......................................................................................... 5

ARGUMENT ...................................................................................................................... 7

I.      THE RELATED ACTIONS SHOULD BE CONSOLIDATED ............................ 7

II.     THE COURT SHOULD APPOINT DTRFA AS LEAD PLAINTIFF ................. 8

        A.      DTRFA Is the Most Adequate Plaintiff Under the PSLRA........................ 8

        B.      DTRFA Is Qualified Under Rule 23 ......................................................... 10

                1.      DTRFA's Claims Are Typical of the Claims of the Class............. 11

                2.      DTRFA Will Fairly and Adequately Represent the
                        Interests of the Class ..................................................................... 11

                3.      DTRFA is the Prototypical Lead Plaintiff Envisioned
                        by the PSLRA ............................................................................... 12

III.    THIS COURT SHOULD APPROVE DTRFA'S CHOICE OF
        CO-LEAD AND LIAISON COUNSEL................................................................ 12

CONCLUSION      ............................................................................................................... 14

# TABLE OF AUTHORITIES

**Cases**                                                                  **Page**

*Armstrong v. Davis,*
 275 F.3d 849 (9th Cir. 2001) ...............................................................................11

*In re Cardinal Health Sec. Litig.,*
 226 F.R.D. 298 (S.D. Ohio 2005)........................................................................10

*In re Cavanaugh,*
 306 F.3d 726 (9th Cir. 2002) .................................................................................9

*In re Cendant Corp. Litig.,*
 182 F.R.D. 144 (D.N.J. 1998)................................................................................9

*In re Cedant Corp. Litig.,*
 264 F.3d 201 (3d Cir. 2001)................................................................................12

*In re Daimler Chrysler AG Sec. Litig.,*
 216 F.R.D. 291 (D. Del. 2003) ..............................................................................7

*Davis v. Armstrong,*
 537 U.S. 817 (2002)............................................................................................11

*Ferrari v. Impath,* No. 03 Civ. 5667(DAB), et al.,
 2004 WL 1637053 (S.D.N.Y. July 20, 2004)......................................................12

*In re Merck & Co., Inc. Sec. Litig.,*
 432 F.3d 261 (3d Cir. 2005)............................................................................9, 10

*In re Oxford Health Plans, Inc. Sec. Litig.,*
 182 F.R.D. 42 (S.D.N.Y. 1998) ..........................................................................12

*Rohm and Haas Co. v. Mobil Oil Corp.,*
 525 F. Supp. 1298 (D. Del 1981)...........................................................................8

*In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.,*
 122 F.R.D. 251 (C.D. Cal. 1988)..........................................................................11

**Statutes and Other Authorities**

Securities Act of 1933, 15 U.S.C. § 77k .......................................................................1, 3

Securities Act of 1933, 15 U.S.C. § 77l ........................................................................1, 3

Securities Act of 1933, 15 U.S.C. § 77o .......................................................................1, 3

Securities Act of 1933, 15 U.S.C. § 77z-1 .......................................................3, 7, 8, 9, 12

Securities Exchange Act of 1934, 15 U.S.C. § 78j(b) ....................................................1, 3

Securities Exchange Act of 1934, 15 U.S.C. § 78t(a) .....................................................1, 3

17 C.F.R. § 240.10b-5 ...................................................................................................1, 3

Fed. R. Civ. P. 23 .......................................................................................................9, 10

Fed. R. Civ. P. 23(a) ......................................................................................................10

Fed. R. Civ. P. 42(a) ........................................................................................................7

141 Cong. Rec. H13691-08, at H13700 (daily ed. Nov. 28, 1995) (Statements of
    Managers – The "Private Securities Litigation Reform Act of 1995") .................13

### INTRODUCTION

Presently pending in this district are at least three related securities class actions (the

"Related Actions") brought under Sections 11, 12(a)(2), and 15 of the Securities Act of 1933

(the "Securities Act"), 15 U.S.C. §§ 77k, 77l(a)(2) and 77o and Sections 10(b) and 20(a) of the

Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b) and 78t(a) and Rule

10b-5 promulgated thereunder, 17 C.F.R. § 240.10b-5.  The Related Actions are:

| Abbreviated Case Name | Case Number |
|---|---|
| *Norfolk Co. Ret. Sys. v. Harris Stratex Networks, Inc., et al.* | 08-cv-00578 JJF |
| *Dutton v. Harris Stratex Networks, Inc., et al.* | 08-cv-00755 JJF |
| *Kleinmann v. Harris Stratex Networks, Inc., et al.* | 08-cv-00815 JJF |

The Duluth Teachers' Retirement Fund Association ("DTRFA") has losses of

approximately $772,837[1] in connection with its transactions in the common stock of Harris

Stratex Networks Inc. ("Harris Stratex" or the "Company") between January 29, 2007 and July

30, 2008, (the "Class Period"), including exchanging shares of Stratex Networks, Inc. for shares

of Harris Stratex pursuant to the Company's Registration Statement and Prospectus (collectively

referred to as the "Registration Statement") that became effective on January 8, 2007.

DTRFA respectfully submits this Brief in Support of its Motion to: (1) Consolidate the

Related Actions; (2) Appoint DTRFA as Lead Plaintiff, pursuant to the Private Securities

Litigation Reform Act of 1995 (the "PSLRA"); and (3) Approve DTRFA's choice of Co-Lead

---

[1] DTRFA's transactions in Harris Stratex common stock during the Class Period are set forth in the Certification attached as Exhibit A to the Affidavit of Matthew F. Lintner submitted in support of the instant motion, dated November 14, 2008 (hereinafter referred to as "Lintner Aff.").  A chart setting forth DTRFA's losses is attached as Exhibit B to the Lintner Aff.

Counsel, the law firms of Lockridge Grindal Nauen P.L.L.P. ("LGN") and Kaplan Fox &
Kilsheimer LLP ("Kaplan Fox") and Morris James LLP ("Morris James") as Liaison Counsel.

The Duluth Teachers' Retirement Fund Association was created in 1910.  The DTRFA
administers a defined benefit pension plan and a tax deferred defined contribution plan for its
3,369 members, all of whom are active, deferred, or retired public school educators in Duluth,
Minnesota, educators at Lake Superior College, or employees of the Association.  As of June 30,
2008, the value of the plan was $314 million.

## PROCEDURAL BACKGROUND

On September 15, 2008, The Norfolk County Retirement System commenced a securities class action on behalf of all persons or entities who purchased Harris Stratex stock issued pursuant or traceable to the Company's false and misleading Registration Statement that became effective on January 8, 2007, through July 30, 2008, seeking to pursue remedies under the Securities Act, the Exchange Act and Rule 10b-5.

The action, styled *Norfolk County Retirement System v. Harris Stratex Networks, Inc., et al.* (the "Norfolk County Action") alleged that Defendants violated Sections 11, 12(a), and 15 of the Securities Act, and Sections 10(b) and 20(a) of the Exchange Act, and Rule 10b-5 promulgated thereunder, by issuing a series of material misrepresentations to the investors during the Class Period and thereby artificially inflating the price of Harris Stratex securities. The Norfolk County Action named the following as Defendants: the Company, and certain of its top officers, including Guy M. Campbell, Harald J. Braun, Sarah A. "Sally" Dudash, Howard L. Lance, and Scott T. Mikuen.

On September 15, 2008, the plaintiff in the Norfolk County Action published notice to class members on GlobeNewswire as required by Section 27(a)(3)(A)(i) of the Securities Act.[2] *See* Notice of Pendency of Class Action Lawsuit Against Harris Stratex Networks, Inc., Exhibit C, to the Lintner Aff. (the "PSLRA Notice"). The PSLRA Notice advised those who purchased the common stock of Harris Stratex within the Class Period and pursuant and/or traceable to the Company's Registration Statement effective January 8, 2007, of the existence of a lawsuit against the Defendants and the nature of the Defendants' materially false and misleading statements, including those contained in the Registration Statement. The PSLRA Notice further

---

[2] Identical provisions of the Exchange Act are omitted throughout this brief where they would be redundant.

advised class members of their right to move the court to be appointed Lead Plaintiff within 60 days, or by November 14, 2008.

DTRFA now moves this Court for consolidation of the Related Actions and to appoint it as Lead Plaintiff and approve its choice of Co-Lead Counsel.

## SUMMARY OF THE ACTION

Harris Stratex designs, manufactures, and sells wireless networking products and services to mobile and fixed telephone service providers, private network operators, government agencies, transportation and utility companies, public safety agencies, and broadcast system operators. The Company's products are primarily licensed point-to-point digital microwave radio systems. On January 8, 2007, the Company's Registration Statement became effective, merging Harris Corporation's Microwave Communications Division and Stratex Networks.

On July 30, 2008, after the market closed, the Company announced that its reported financial statements for fiscal years 2005 through 2007 and the first three quarters of 2008 were incorrect because of certain accounting errors. The Company stated, among other things, the following:

> **Prior Period Restatement**
>
> *During the course of the year-end close, accounting errors were identified by the company, which caused previously reported financial statements to be incorrect*. The majority of the required adjustments related to project work-in-process accounts within the cost accounting system at one location. *The total amount of these charges,* which will reduce previously reported pre-tax income, *is estimated to be in the range of $18 million to $25 million,* and will affect the current and prior years. *As a result, the company has determined that the financial statements for the first three quarters of fiscal 2008 and the fiscal years 2005 - 2007 should no longer be relied upon.*

(Emphasis added.)

On July 31, 2008, the following trading day, shares of the Company's stock declined $3.89 per share, approximately 35 percent, to close on July 31, 2008, at $7.35 per share.

The truth, which was not disclosed in the Company's Registration Statement, was that throughout the Class Period, Defendants failed to disclose material adverse facts about the Company's financial well-being, business relationships, and prospects and financial results were materially misstated in violation of generally accepted accounting principles. As a result of

Defendants' wrongful acts and omissions and the precipitous decline in the market value of the

Company's securities, DTRFA and other class members suffered significant damages.

## ARGUMENT

### I.  THE RELATED ACTIONS SHOULD BE CONSOLIDATED

The PSLRA, among other things, provides for consolidation of related actions brought

under the federal securities laws.  Section 27(a)(3)(B)(ii) of the Securities Act addresses the issue

of consolidation of similar actions filed under the PSLRA:

> If more than one action on behalf of a class asserting substantially the same claim
> or claims arising under this title has been filed, and any party has sought to
> consolidate those actions for pretrial purposes or for trial, the court shall not make
> the determination [of appointment of lead plaintiff] until after the decision on the
> motion to consolidate is rendered.

15 U.S.C. §77z-1(a)(3)(B)(ii).

Rule 42(a) of the Federal Rules of Civil Procedure provides as follows:

> When actions involving a common question of law or fact are pending before the
> court, it may order a joint hearing or trial of any or all of the matters in issue in
> the actions; it may order all the actions consolidated; and it may make such orders
> concerning proceedings therein as may tend to avoid unnecessary costs or delay.

Consolidation of the Related Actions is appropriate because they involve common

questions of law and fact and allege the same or similar claims under the federal securities laws

on behalf of the same or similar plaintiff classes.  *See In re Daimler Chrysler AG Sec. Litig.,* 216

F.R.D. 291, 296 (D. Del. 2003) (finding the "questions of misrepresentation, materiality and

scienter the 'paradigmatic common question[s] of law or fact ...'" and confirming that the

commonality requirement is permissively applied in context of securities fraud actions).  In

addition, all of the Related Actions will involve similar issues regarding class certification, and

will likely involve identical discovery of the parties and of non-parties.  Therefore, in light of the

well-recognized principle that it is appropriate at the discretion of the Court under Fed. R. Civ.

P. 42(a) to consolidate separate actions involving common questions of law and fact, DTRFA

requests consolidation of the Related Actions and any subsequently filed related actions, for all

purposes and in the interest of judicial economy and overall efficiency. *See Rohm and Haas Co.*

*v. Mobil Oil Corp.* 525 F. Supp. 1298 (D. Del. 1981).

## II. THE COURT SHOULD APPOINT DTRFA AS LEAD PLAINTIFF

### A.     DTRFA Is the Most Adequate Plaintiff Under the PSLRA

The PSLRA sets forth the procedure for the selection of a Lead Plaintiff in "each private

action arising under that is brought as a plaintiff class action pursuant to the Federal Rules of

Civil Procedure." 15 U.S.C. § 77z-1(a)(1). Specifically, within 20 days after the date on which

a class action is filed:

> The plaintiff or plaintiffs shall cause to be published, in a widely circulated
> national business-oriented publication or wire service, a notice advising members
> of the purported Plaintiff class –
>
> I.     Of the pendency of the action, the claims asserted therein,
>        and the purported class period; and
>
> II.    That not later than 60 days after the date on which the
>        notice is published, any member of the purported class may
>        move the court to serve as lead plaintiffs of the purported
>        class.

15 U.S.C. § 77z-1(a)(3)(A)(i).

Further, the PSLRA directs the Court to consider any motions by plaintiffs or purported

class members to serve as Lead Plaintiff in response to any such notice within 90 days after the

date of publication of the notice pursuant to Section 27, *or* as soon as practicable after the Court

decides any pending motion to consolidate any action asserting substantially the same claim or

claims.

Under this section of the Securities Act, the court "shall" appoint the "most adequate

plaintiff," and is to *presume* that plaintiff is the person, or group of persons, which:

(aa)     has either filed the complaint or made a motion in response to a notice…;

8

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C 77z-1(a)(3)(B)(iii)(I).

Under the PSLRA, there is a three-part process for identifying the Lead Plaintiff: (1) the first plaintiff to file publicizes the pendency of the action, the claims made, and the purported class period and announces that any member of the class may move for appointment for Lead Plaintiff within 60 days; (2) the court selects the plaintiff who has the largest financial interest and who meets the Rule 23 requirements as the presumptive Lead Plaintiff; and (3) the court allows other plaintiffs the opportunity to rebut the presumptive Lead Plaintiffs showing that it satisfies the Rule 23 typicality and adequacy requirements. *In re Cavanaugh*, 306 F.3d 726, 729-30 (9th Cir. 2002).

The most adequate plaintiff is the person or group of persons that in the determination of the Court has the largest financial interest in the relief sought by the class. 15 U.S.C. §77z-1(a)(3)(B)(iii)(I); *see In re Cendant Corp. Litig.,* 182 F.R.D. 144, 145-46 (D.N.J. 1998); *see also In re Merck & Co., Inc. Sec. Litig.,* 432 F.3d 261, 266 (3d Cir. 2005).

DTRFA has a substantial financial interest in the relief sought by the class. As set forth above, DTRFA has sustained losses of approximately $772,837. *See* Lintner Aff. Exh. B. Moreover, DTRFA is qualified to represent the proposed class. DTRFA has the largest financial interest in the relief sought by the Class of any Class member willing and able to serve as Lead Plaintiff and is therefore the presumptive Lead Plaintiff. Institutional investors like DTRFA are well suited as Lead Plaintiffs because they are usually sophisticated investors with large

financial interests who will serve the class well as Lead Plaintiff. *See In re Merck & Co., Inc. Sec. Litig.,* 432 F.3d at 266.

### B.     DTRFA Is Qualified Under Rule 23.

The PSLRA also provides that the Lead Plaintiff must also "otherwise satisf[y] the requirements of Rule 23 of the Federal Rules of Civil Procedure." Rule 23(a) provides that a party may serve as a class representative only if the following four requirements are satisfied:

> (1) the class is so numerous that joinder of all members is impracticable;
>
> (2) there are questions of law or fact common to the class;
>
> (3) the claims or defenses of the representative parties are typical of the claims or defenses of the class; and
>
> (4) the representative parties will fairly and adequately protect the interests of the class.

*See* Fed. R. Civ. P. 23(a).

Of the four prerequisites to class certification, only two – typicality and adequacy – directly address the personal characteristics of the class representatives. *In re Cardinal Health Sec. Litig.,* 226 F.R.D. 298, 304 (S.D. Ohio 2005). Consequently, in deciding a motion to serve as Lead Plaintiff or plaintiffs, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the Lead Plaintiff or Plaintiffs move for class certification. The Court need determine only whether the plaintiff has made a *prima facie* showing of these elements. As detailed below, DTRFA satisfies the typicality and adequacy requirements of Rule 23(a), thereby justifying its appointment as Lead Plaintiff in this action.

### 1.  DTRFA's Claims Are Typical of the Claims of the Class

The typicality requirements of Rule 23(a) is satisfied if the movant's claims arise from the same course of events as those of the other potential class members and relies on similar

10

legal theories to prove the defendants' liability. DTRFA's claims are typical of the claims of the members of the proposed class because it received Harris Stratex shares as a result of the January 2007 merger between Harris Corporation's Microwave Communications Division and Stratex Networks and purchased Company shares on the open market and was damaged thereby. Therefore, typicality exists here because DTRFA's claims are based on the same legal theory and its "injuries result[ed] from the same, injurious course of conduct" as the other class members. *See Armstrong v. Davis*, 275 F.3d 849, 869 (9th Cir. 2001), *cert denied sub nom Davis v. Armstrong*, 537 U.S. 817 (2002); *accord, In re United Energy Corp. Solar Power Modules Tax Shelter Inv. Sec. Litig.*, 122 F.R.D. 251, 256 (C.D. Cal. 1988).

### 2. DTRFA Will Fairly and Adequately Represent the Interests of the Class

Rule 23 requires that the class representative be able to fairly and adequately represent a class. In determining whether a representative is adequate, courts assess whether it has interests that are not antagonistic to the class, whether it has significant interest in the outcome of the case to ensure vigorous advocacy, and whether counsel for the class is qualified. DTRFA's interests are clearly aligned with the members of the proposed class, and there is no evidence of any antagonism between its respective interests and the other class members.

As detailed above, DTRFA shares substantially similar questions of law and fact with the members of the class, and its claims are typical of the members of the class. DTRFA has fully demonstrated its adequacy as class representatives by signing a certification affirming its willingness to serve as a representative party on behalf of the Class. *See* Lintner Aff. Exh. A. Further, having suffered significant losses, DTRFA will be a zealous advocate on behalf of the class. DTRFA acquired shares in the merger and purchased shares in the open market.

11

In addition, DTRFA has selected counsel highly experienced in prosecuting securities class actions to represent it, as discussed *infra*. Thus, the close alignment of interests between DTRFA and other class members and its strong desire to prosecute these actions on behalf of the class provide ample reason to grant DTRFA's motion for appointment as Lead Plaintiff in these Consolidated Actions.

### 3. DTRFA is the Prototypical Lead Plaintiff Envisioned by the PSLRA

In addition to satisfying the preliminary requirements of Rule 23, the appointment of DTRFA as Lead Plaintiff also satisfies a critical legislative goal behind enacting the PSLRA – to encourage sophisticated institutions with large financial interests to serve as Lead Plaintiff in securities class actions. *See In re Cendant Corp. Litig.*, 264 F.3d 201, 264 (3d Cir. 2001) (noting that the legislative intent of the PSLRA is to encourage large institutional investors to serve as Lead Plaintiff). As such, DTRFA is precisely the type of institutional investor that Congress sought to summon and empower when it enacted the PSLRA. *See Ferrari v. Impath*, 2004 WL 1637053, at *3 (S.D.N.Y. July 20, 2004); *see also In re Oxford Health Plans, Inc. Sec. Litig.*, 182 F.R.D. 42, 46 (S.D.N.Y. 1998). DTRFA has the requisite experience as a fiduciary to vigorously represent the Class in prosecuting this litigation.

## III. THIS COURT SHOULD APPROVE DTRFA'S CHOICE OF CO-LEAD AND LIAISON COUNSEL

The PSLRA vests authority in the Lead Plaintiff to select and retain lead counsel, subject only to court approval. *See* 15 U.S.C. § 77-z1(a)(3)(B)(v). Thus, the Court should not disturb the Lead Plaintiff's choice of counsel unless "necessary to protect the interests of the plaintiff class." *See* 141 Cong. Rec. H13691-08, at H13700 (daily ed. Nov. 28, 1995) (Statements of Managers – The "Private Securities Litigation Reform Act of 1995"). DTRFA has retained LGN

and Kaplan Fox to serve as co-lead counsel to pursue this litigation on its behalf and on behalf of

the class and Morris James to serve as Liaison Counsel.  LGN and Kaplan Fox possess extensive

experience in the area of securities litigation and have successfully prosecuted numerous

securities class actions on behalf of injured investors.[3]  Accordingly, the Court may be assured

that, in the event the instant motion is granted, the members of the Class will receive the highest

caliber of legal representation available.

---

[3]  The firm resumes of LGN, Kaplan Fox and Morris James are attached as Exhibits D, E and F
to the Lintner Aff.

## CONCLUSION

For all of the foregoing reasons, the Court should consolidate the Related Actions,

appoint DTRFA as Lead Plaintiff in the Related Actions, and approve its choice of LGN and

Kaplan Fox as Co-Lead Counsel and Morris James as Liaison Counsel.


Dated:  November 14, 2008                        **MORRIS JAMES LLP**

_____

Edward M. McNally (#614)
Matthew F. Lintner (#4371)
Corinne Elise Amato (#4982)
500 Delaware Avenue, Suite 1500
Wilmington, DE 19801-1494
(302) 888-6800
emcnally@morrisjames.com
mlintner@morrisjames.com
camato@morrisjames.com

***Proposed Liaison Counsel for Duluth
Teachers' Retirement Fund Association***

Richard A. Lockridge, Esquire
Karen H. Riebel, Esquire
Elizabeth R. Odette, Esquire
LOCKRIDGE GRINDAL NAUEN P.L.L.P.
100 Washington Avenue South
Suite 2200
Minneapolis, MN  55401
(612) 339-6900
ralockridge@locklaw.com
khriebel@locklaw.com
erodette@locklaw.com

14

Frederic S. Fox, Esquire
Joel B. Strauss, Esquire
Jeffrey P. Campisi, Esquire
KAPLAN FOX & KILSHEIMER LLP
850 Third Avenue
New York, NY  10022
(212) 687-1980
ffox@kaplanfox.com
jstrauss@kaplanfox.com
jcampisi@kaplanfox.com

***Proposed Co-Lead Counsel for Duluth
Teachers' Retirement Fund Association***