IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

```
KAREN DUTTON, individually        :
and on behalf of others           :
similarly situated,               :
                                  :
         Plaintiff,               :
                                  :
    v.                            : Civil Action No. 08-755-JJF
                                  :
HARRIS STRATEX NETWORKS INC.,     :
GUY M. CAMPBELL, HARALD L.        :
BRAUN, SARAH A. DUDASH, HOWARD    :
L. LANCE, and SCOTT T. MIKUEN,    :
                                  :
         Defendants.              :
```
_____

Ira M. Press, Esquire and Edward M. Varga III, Esquire of KIRBY
McINERNERY, LLP, New York, New York.

Joel B. Strauss, Esquire and Aviah Cohen Pierson, Esquire of
KAPLAN FOX & KILSHEIMER LLP, New York, New York.

Karen H. Riebel, Esquire of LOCKRIDGE GRINDAL NAUEN P.L.L.P.,
Minneapolis, Minnesota.

Joel Friedlander, Esquire and Sean M. Brennecke, Esquire of
BOUCHARD MARGULES & FRIEDLANDER, P.A., Wilmington, Delaware.

Attorneys for Plaintiffs.

Dale Barnes, Esquire and John D. Pernick, Esquire of BINGHAM
MCCUTCHEN LLP, San Francisco, California.

Thomas P. Preston, Esquire of BLANK ROME LLP, Wilmington,
Delaware.

Attorneys for Defendants Harris Stratex Networks, Inc., Harris
Corporation, Guy M. Campbell, Harald L. Braun, Sarah A. Dudash,
Howard L. Lance, and Scott Mikuen.

Robert N. Weiner, Esquire of ARNOLD & PORTER LLP, Washington,
D.C.

Veronic Rendón, Esquire of ARNOLD & PORTER LLP, New York, New
York.

Donald J. Wolfe, Jr., Esquire; Richard Horwitz, Esquire; Brian C. Ralston, Esquire and Jennifer C. Wasson, Esquire of POTTER ANDERSON & CORROON LLP, Wilmington, Delaware.

Attorneys for Defendant Ernst & Young LLP.

---

**MEMORANDUM OPINION**

July 22, 2010
Wilmington, Delaware.

**Farnan, District Judge.**

Pending before the Court are three motions:  (1) a Motion to Dismiss The Consolidated Class Action Complaint (D.I. 56) filed by Defendant Ernst & Young LLP ("Ernst & Young"); (2) a Motion To Dismiss (D.I. 60) filed by Defendant Harris Corporation ("Harris"); and (3) a Motion To Dismiss (D.I. 61) filed by Defendants Harris Stratex Networks, Inc. ("Harris Stratex"), Guy M. Campbell, Harald J. Braun, Sarah A. Dudash, Howard L. Lance, and Scott T. Mikuen (collectively "the Individual Defendants"). For the reasons discussed the Court will grant Ernst & Young's Motion to Dismiss, deny Harris' Motion to Dismiss, and grant in part and deny in part the Motion To Dismiss filed by Harris Stratex and the Individual Defendants.

## **BACKGROUND**[1]

This action arises in connection with an agreement between Harris and Stratex Networks, Inc. ("Stratex") to merge Stratex and the Microwave Communications Division ("MCD") of Harris to form a new company, Harris Stratex (the "Merger"). (D.I. 51 at ¶ 3.) Under the terms of the Merger, Harris agreed to merge its

---

[1]     Defendants seek judicial notice of the public statements (Registration Statement, Restatement, etc.) made by Harris Stratex and the stock prices for Harris Stratex on September 18 and 19, 2008.  (D.I. 59, 62.)   The public statements will be noticed by the Court because they were incorporated by reference in the Complaint.  (D.I. 51.)   The stock prices will also be noticed because stock prices can be properly noticed under Fed. R. Evid. 201. PHP Liquidating, LLC v. Robbins, 291 B.R. 592, 602 n. 7 (D. Del. 2003).

Microwave Communications Division and supplied $25 million in cash in exchange for a 56% ownership in the new company.  The shareholders of Stratex Networks exchanged their stock for 44% ownership in the new company.  (Id.)

A Registration Statement was filed with the Securities and Exchange Commission ("SEC") and specifically noted MCD's losses for fiscal years 2005 and 2006, with a net loss of $3,778,000 in fiscal year 2005 and $35,848,000 in fiscal year 2006.  (Id. at ¶ 13.)  The Registration Statement was declared effective on January 8, 2007.  (Id. at ¶ 4.)  On January 26, 2007, the Merger was approved by Stratex Network shareholders, and the new company, Harris Stratex, began trading on the NASDAQ Stock Market the next day.  (Id. at ¶ 5.)

Following the merger, Harris Stratex made a series of public announcements that caused the company's stock to fluctuate.  On January 30, 2008, Harris Stratex released a second quarter earnings statement that announced that earnings would be less than expected because of unexpected costs associated with compliance with the Sarbanes Oxley Act.  (Id. at ¶¶ 42-44.)  Following the announcement, Harris Stratex stock declined from $14.33 per share to $10.89 per share, for a loss of $3.44 per share.  (Id. at ¶ 45.)

On July 30, 2008, Harris Stratex announced that its previously stated financial reports, including the results for

2

MCD's fiscal years 2004 through 2006, were incorrect due to accounting errors, and therefore, the company would be restating earnings for fiscal years 2005-2008.  (Id. at ¶ 48-51.)  In response to this announcement, Harris Stratex stock dropped from $11.24 per share to $7.35 per share.  (Id. at ¶ 50.)

On September 18, 2008, Harris Stratex released the restated figures which increased the net losses of MCD for the three fiscal years ending on June 30, 2006, by $5,800,000.  (Id. at ¶ 38; see also D.I. 58 Ex. C.)  Following the release, the price of Harris Stratex stock rose from a September 18 close of $7.92 per share to a September 19 close of $8.50 per share.  (D.I. 58 Ex. B.)

In response to the restatement of earnings, multiple class action complaints were filed by individuals who had purchased shares of Harris Stratex stock.  These actions were consolidated, and a lead plaintiff and lead counsel were appointed.  A Consolidated Class Action Complaint (the "Class Complaint") was filed and Ernst & Young LLP was added as a defendant.  By the Class Complaint, Plaintiffs allege (1) violations of Section 11 of the Securities Act of 1933 (the "Securities Act") against Harris Stratex, Ernst & Young, Campbell, Dudash, Lance and Mikuen ("Count I"); (2) violations of Section 15 of the Securities Act against Harris Corp., Campbell, Dudash, Lance, and Mikuen ("Count II"); (3) violations of Section 10(b) of the Exchange Act and Rule 10b-5 against Harris Stratex and all Individual Defendants

3

("Count III"); and (4) violations of Section 20(a) of the

Exchange Act against Campbell, Braun and Dudash (Count IV).

## STANDARD OF REVIEW

### I.    Rule 12(b)(6)

Under Rule 12(b)(6) of the Federal Rules of Civil Procedure,

a defendant may move for dismissal based on a plaintiff's

"failure to state a claim upon which relief can be granted."

Fed. R. Civ. P. 12(b)(6). When reviewing a motion to dismiss

under Rule 12(b)(6), the Court must accept all factual

allegations in a complaint as true and view them in the light

most favorable to the plaintiff. Christopher v. Harbury, 536

U.S. 403, 406 (2002). A complaint must contain "a short and

plain statement of the claim showing that the pleader is entitled

to relief." Fed. R. Civ. P. 8(a). Assuming the factual

allegations are true, even if doubtful in fact, the "factual

allegations must be enough to raise a right to relief above the

speculative level." Bell Atl. Corp. v. Twombly, 550 U.S. 544,

555 (2007). While the complaint need not make detailed factual

allegations, "a plaintiff's obligation to provide the grounds of

his entitlement to relief requires more than mere labels and

conclusions, and a formulaic recitation of the elements of a

cause of action." Id. (internal quotations and citations

omitted). Thus, stating a claim upon which relief can be granted

"'requires a complaint with enough factual matter (taken as true)

4

to suggest' the required element" of a cause of action. <u>Phillips v. County of Allegheny</u>, 515 F.3d 224, 234 (3d Cir. 2008)(citing <u>Twombly</u>, 550 U.S. at 556.) In sum, if a complaint "pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged," <u>Ashcroft v. Iqbal</u>, 129 S. Ct. 1937, 1949 (2009), then the complaint is "plausible on its face," and will survive a motion to dismiss under Rule 12(b)(6). <u>Twombly</u>, 550 U.S. at 570.

## II.  Rule 9(b)

Federal Rule of Civil Procedure 9(b) provides:

> In all averments of fraud or mistake, the circumstances constituting fraud or mistake shall be stated with particularity. Malice, intent, knowledge, and other condition of mind of a person may be averred generally.

Fed. R. Civ. P. 9(b). The requirements of Rule 9(b) apply to securities fraud claims. <u>See</u> e.g., <u>Shapiro v. UJB Fin. Corp.</u>, 964 F.2d 272, 287-288 (3d Cir. 1992) (applying Rule 9(b) to Section 11 and 12 claims resounding in fraud); <u>Charal Inv. Co. v. Rockefeller</u>, 131 F. Supp. 2d 593, 602-603 (D. Del. 2001) (applying Rule 9(b) to Section 14(a) claims resounding in fraud).

The purpose of Rule 9(b) is to give the defendants notice of the precise misconduct with which they are charged and prevent false charges. <u>Seville Indus. Mach. Corp. v. Southmost Mach. Corp.</u>, 742 F.2d 786, 791 (3d Cir. 1984). Although allegations of "date, place or time" may satisfy the requirements of Rule 9(b), nothing in Rule 9(b) requires them. <u>Id.</u> Rather, the plaintiff

5

may use "alternative means of injecting precision and some measure of substantiation into their allegations of fraud." Id. Thus, the requirement of particularity does not require "'an exhaustive cataloging of facts but only sufficient factual specificity to provide assurance that plaintiff has investigated . . . the alleged fraud and reasonably believes that a wrong has occurred.'" In re ML-Lee, 848 F. Supp. 527, 555 (D. Del. 1994) (citations omitted).

## DISCUSSION

## I.    The Section 11 Claims Under The Securities Act (Count I)

### A.    Elements And Pleading Requirements Of A Section 11 Claim

Under Section 11 of the Securities Act, liability attaches to specified individuals when an entity's registration statement contains "an untrue statement of a material fact" or "omit[s] . . . a material fact required to be stated therein or necessary to make the statement therein not misleading . . ." 15 U.S.C. § 77k. A plaintiff alleging a Section 11 claim need not plead fraud, reasonable reliance or scienter. Tracinda Corp. v. DaimlerChrysler AG, 197 F. Supp. 2d 42, 54 (D. Del. 2002). Rather, the plaintiff must plead sufficient facts to satisfy the Twombly pleading standard, demonstrating that: (1) the registration statement contained a misrepresentation or omission, and (2) the misrepresentation or omission was material. See In re Merck & Co. Sec. Litig., 432 F.3d 261, 273 (3d Cir. 2005); In

6

re Adolor Corp. Sec. Litig., 616 F. Supp. 2d 551, 563 (E.D. Pa. 2009); see also, Garber v. Legg Mason Inc., No. 08-1831, 2009 U.S. App. LEXIS 21404, *9 (2d Cir. Sept. 30, 2009)(applying Twombly pleading requirements to a motion to dismiss a Section 11 claim); Cohen v. Telsey, No. 09-2033, 2009 U.S. Dist. LEXIS 101696, *17-18 (D.N.J. Oct. 30, 2009)(applying Twombly and Iqbal in the context of Section 11).

A misstatement or omitted fact "is material if there is a substantial likelihood that a reasonable investor would consider it important in deciding how to act." In re Donald J. Trump Casino Sec. Litig., 7 F.3d 357, 369 (3d Cir. 1993)(internal quotation omitted)(citing TSC Indus., Inc. v. Northway, Inc., 426 U.S. 438, 449 (1976)). The significance of a misrepresentation or omission is discerned by examining the total mix of information available to a reasonable investor. Thus, a misrepresentation or omission may also be materially misleading if a reasonable investor would view it as "significantly altering the total mix of information available." Shapiro v. UJB Fin. Corp., 964 F.2d 272, 281, n.11 (3d Cir. 1992). Whether a misrepresentation is material is a mixed question of law and fact, ordinarily reserved for the trier of fact. In re Adams Golf, 381 F.3d 267, 274 (3d Cir. 2004).

Where, as here, it is alleged that the company's stock traded on an "efficient market" (D.I. 51, ¶ 106), materiality "may be measured post hoc by looking to the movement, in the

7

period immediately following disclosure, of the price of the firm's stock." In re Merck & Co. Sec. Litig., 432 F.3d 261, 274 (3d Cir. 2005) (citing Oran v. Stafford, 226 F.3d 275, 282 (3d Cir. 2000)). "Because in an efficient market 'the concept of materiality translates into information that alters the price of the firm's stock,' if a company's disclosure of information has no effect on stock prices, 'it follows that the information disclosed . . . was immaterial as a matter of law.'" Oran v. Stafford, 226 F.3d at 282 (quoting In re Burlington Coat Factory Secs. Litig., 114 F.3d 1410, 1425 (3d Cir. 1997) (internal citations omitted)). The Third Circuit maintains a "clear commitment" to the efficient market hypothesis. In re Merck, 432 F.3d at 269.

B. Parties' Contentions

By their Motion To Dismiss, Defendants Harris Stratex, Campbell, Dudash, Lance, and Mikuen (the "Section 11 Defendants") contend that Plaintiffs have failed to sufficiently allege that any alleged misstatement in the Registration Statement was material. (D.I. 62 at 8-9.) The Section 11 Defendants contend that the mere fact that a restatement of earnings was required does not demonstrate a material misrepresentation, and in fact, the alterations made to the earnings statement in this case were minor when compared to the already significant losses that were stated. (Id.) Thus, the Section 11 Defendants maintain that the misstatements do not demonstrate materiality, because such a

8

relatively minor alteration to already significant losses and a lack of a cash impact would not have altered the actions of a reasonable investor.  (Id.)

By its Motion To Dismiss, Defendant Ernst & Young also challenges the materiality of any misstatements within the Registration Statement that may be attributable to it.  (D.I. 57.)  At most, Ernst & Young contends that Plaintiffs have alleged that it provided a negligent audit opinion for the financial statements of the MCD division of Harris for fiscal years 2005 and 2006.  Ernst & Young contends that Plaintiffs have not alleged any facts to support this claim, including why the conduct of the audit was deficient.  In addition, Ernst & Young maintains that materiality is belied by the fact that the stock prices of Harris Stratex rose after the corrective disclosures were issued.

In response, Plaintiffs contend that they have properly pled the materiality of the misstatements contained in the Registration Statement.  (D.I. 66.)  Plaintiffs maintain that materiality is evident from the price decline in Harris Stratex stock following the announcement of the need to issue a restatement.  (Id.)  With respect to Ernst & Young in particular, Plaintiffs maintain that they have sufficiently alleged that Ernst & Young made a materially false statement by consenting to the incorporation by reference of their audit opinion, which erroneously concluded that the financial statements for the MCD

9

of Harris were fair and in compliance with U.S. general accepted accounting principles ("GAAP").  Plaintiffs contend that Ernst & Young's arguments go the ultimate issue of liability, and not the requisite pleading requirements, and therefore, they are more appropriately considered in the context of summary judgment.

> C.  <u>Whether The Section 11 Claims Against Ernst & Young And The Remaining Section 11 Defendants Should Be Dismissed</u>

Reviewing the allegations of the Class Complaint in light of the relevant legal principles concerning Section 11 claims and the applicable standard of review, the Court concludes that Plaintiffs have not pled sufficient facts to state a Section 11 claim against Ernst & Young.  An auditor may be liable under Section 11 for those statements included in a registration statement "which purport[] to have been prepared or certified by him."  15 U.S.C. 7k(a)(4); <u>Herman & MacLean v. Huddleston</u>, 459 U.S. 375, 386 n.22 (1983).

With respect to Ernst & Young, Plaintiffs have pled:

> 41.  Defendant Ernst & Young was the auditor for Harris Stratex during the Class Period and the MCD prior to the merger and consented to being named in the Company's Registration Statement as a party that certified the audited financial statements contained or incorporated by reference therein. Ernst & Young's audit report dated November 21, 2006, incorrectly stated that its audits were performed in accordance with the standards of the Public Company Accounting Oversight Board (United States) and that the Company's (or MCD's) financial statements presented 'fairly, in all material respects the combined financial position of the [MCD] Division of Harris [] and subsidiaries at June 30, 2006 and July 1, 2005, and the combined results of their operations and their cash flows for each of the three

10

years in the period ended June 30, 2006, in conformity
with [GAAP].

\* \* \*

56. Defendant Ernst & Young, which consented to the
inclusion of its opinions in the Registration Statement,
negligently failed to perform its audits of MCD in a
reasonable manner, and thus, its audits did not
constitute a reasonable investigation of whether MCD's
financial statements were presented in compliance with
GAAP.

(D.I. 51, ¶ 41 & 56). In the Court's view, Plaintiffs'

allegations are in the nature of "legal conclusions" and the

"threadbare recitals of the elements of a cause of action" which

are insufficient to withstand dismissal under Twombly.

Plaintiffs have not alleged which standards Ernst & Young

violated, how the statements made in the audit opinion were false

or misleading at the time they were made, what deficiencies

existed in the performance of the audit negating a reasonable

basis for the audit opinion, and what aspects of the audit were

negligently performed. The Court agrees with Ernst & Young's

position that Plaintiffs apparently base their claim on the fact

that Ernst & Young audited MCD's financial statements, and those

statements needed to be restated. In the Court's view, this is

insufficient to state a Section 11 claim against Ernst & Young.

Accordingly, the Court will grant Ernst & Young's Motion To

Dismiss.

With respect to the remaining Section 11 Defendants, the

Court concludes that Plaintiffs' allegations are sufficient to

withstand dismissal. In reaching this conclusion, the Court is not persuaded that a restatement of a financial statement is per se sufficient to establish materiality. Rather, the Court is persuaded that Plaintiffs have sufficiently pled the materiality of the alleged omissions under either the general standards for materiality or under the efficient market standards for materiality. Particularly, the Court notes that the restatement of past financial statements revised those statements by $6 million, that Harris Stratex experienced a drop in stock price once the need for restatements was announced, and the rebound that followed the issuance of the restated financials did not bring the stock price back up to its original value. (D.I. 51 ¶ 45-50.) Viewing these allegations in the light most favorable to Plaintiffs and in the context of the totality of allegations related to this claim in the Class Complaint, the Court concludes, at this juncture, that Plaintiffs have sufficiently stated a claim. Accordingly, the Court will deny the Motion To Dismiss filed by the Section 11 Defendants, as it pertains to the Section 11 claims.

**II. The Section 15 Claims Under The Securities Act (Count II)**

    A.    Elements And Pleading Requirements For A Section 15
          Claim

To state a claim for control person liability under Section 15 of the Securities Act, the plaintiff must allege (1) a primary violation of the federal securities laws by a controlled person

12

or entity; (2) control of the primary violator by the defendant;
and (3) that the controlling person was in some meaningful way a
culpable participant in the primary violation.  <u>In re Reliance
Sec. Litig.</u>, 91 F. Supp. 2d 706, 731 (citing <u>Boguslavsky v.
Kaplan</u>, 159 F.3d 715, 720 (2d Cir. 1998)).

Adequate pleading of a primary Section 11 or 12 violation is
sufficient to state the first element of a claim for control
person liability.  <u>Tracinda Corp. v. DaimlerChrysler AG</u>, 197 S.
Supp. 2d 42, 72 (D. Del. 2002)(citations omitted).  With respect
to the second and third elements, the Court has further held
that, "[a]llegations that support a reasonable inference that
defendants had the potential to influence and direct the
activities of the primary violator suffice to plead control
person liability."  <u>Id.</u> (internal quotations and citations
omitted).

B.    Parties' Contentions

By their Motion To Dismiss, Defendants Campbell, Dudash,
Lance and Mikuen (the "Section 15 Defendants") contend that
Plaintiffs have failed to establish that the Section 15
Defendants had control over Harris Stratex when it allegedly
violated Section 11.  (D.I. 62 at 26.)  According to Defendants,
Plaintiffs rely solely on the status of the Section 15 Defendants
as officers of Harris Stratex to state their Section 15 claim.
Defendants maintain that these allegations fail to meet the
<u>Twombly</u> pleading standards and are too broad to sufficiently

allege that the Section 15 Defendants had the ability to
influence and direct Harris Stratex as the primary violator.
(Id.)

By its Motion To Dismiss, Harris contends that it did not
have a controlling relationship over Harris Stratex at the time
the Registration Statement was prepared and filed, because the
merger had not yet been consummated. (D.I. 60 at 3-5.) Thus,
Harris maintains that its ownership of MCD prior to the merger
does not demonstrate it had control over the newly merged
company, Harris Stratex.

In response, Plaintiffs contend that they have sufficiently
alleged the control elements, by pleading that the Section 15
Defendants signed financial reports and held positions directly
relating to the financial disclosures. In addition, Plaintiffs
contend that Harris misconstrues the control requirement of
Section 15. Specifically, Plaintiffs contend that control does
not require ownership, but the ability to influence. According
to Plaintiffs, Harris had the ability to influence Harris Stratex
by virtue of its ownership of MCD, and as evidenced by its
appointment of the majority of directors of Harris Stratex and
its majority ownership of Harris Stratex. (D.I. 67 at 13-18.)

C.    Whether The Section 15 Claims Against Harris and the
      Remaining Section 15 Defendants Should Be Dismissed

Reviewing the allegations of the Class Complaint in light of
the relevant legal principles concerning Section 15 claims and

14

the applicable standard of review, the Court concludes that
Plaintiffs have adequately pled Section 15 control person claims
against Harris and the Section 15 Defendants. As discussed
previously, Plaintiffs have sufficiently pled a primary violation
of Section 11 by Harris Stratex. With regard to the remaining
control elements, the Court concludes that Plaintiffs have
adequately pled these elements. Specifically, the Court is
persuaded that Plaintiffs' allegations concerning the positions
of the Section 15 Defendants and their involvement in the
financial reporting of Harris Stratex are sufficient to give rise
to an inference of control. In addition, the Court is persuaded
that the facts alleged by Plaintiffs are sufficient to allege
that Harris had the ability to influence Harris Stratex at the
time of the merger such that it could be found to have been a
controlling person within the meaning of Section 15.
Accordingly, the Court will deny the Motions To Dismiss filed by
Harris and the remaining Section 15 Defendants as those motions
pertain to the Section 15 claims.

**III. Section 10(b) Claims Under The Exchange Act (Count III)**

> A.   Elements and Pleading Requirements Of A Section 10(b)
>      and Rule 10b-5 Claim

Section 10(b) of the Exchange Act prohibits the use "in
connection with the purchase or sale of any security [of] any
manipulative or deceptive device or contrivance in contravention
of such rules and regulations as the Commission may prescribe."

15

15 U.S.C. § 78j(b).  Rule 10b-5 was promulgated in connection with Section 10(b) and "provides the framework for a private cause of action for violations involving false statements or omissions of material fact."  Weiner v. Quaker Oats Co., 129 F.3d 310, 315 (3d Cir. 1997).

To state a Section 10(b) and Rule 10b-5 claim, "plaintiffs must allege 'with particularity' that defendants (1) made a misstatement or omission of material fact (2) with scienter (3) in connection with the purchase or the sale of a security (4) upon which the plaintiffs reasonably relied and (5) the plaintiffs' reliance was the proximate cause of their injury." GSC Partners CDO Fund v. Washington, 368 F.3d 228, 236 (3d Cir. 2004)(citation omitted).  In pleading the elements of a Section 10(b) claim, a plaintiff is required to meet the heightened pleading standards of Rule 9(b) and the Private Securities Litigation Reform Act of 1995 ("PSLRA").[2]  To satisfy these standards, the facts alleged must be "must be cogent and compelling" and factual allegations "from which an inference [only] could be drawn" must be dismissed. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 324 (2007); Winer Family

_____

[2]    Under the PSLRA, a private securities complaint alleging false or misleading statements by the defendant must: (1) "specify each statement alleged to have been misleading [and] the reason or reasons why the statement is misleading"  15 U.S.C. § 78u-4(b)(1); and (2) "state with particularity facts giving rise to a strong inference that the defendant acted with the required state of mind."  15 U.S.C. § 78u-4(b)(2).

Trust v. Queen, 503 F.3d 319 (3d Cir. 2007) (requiring the
inference to be drawn from the factual allegations to be at least
as compelling as any non-culpable inference).

B. Parties' Contentions

By their Motion To Dismiss, Harris Stratex and Defendants
Campbell, Braun, Dudash, Lance and Mikuen (collectively, the
"Section 10(b) Defendants") contend that Plaintiffs have not
sufficiently pled materiality, scienter, or loss causation, but
in the case of loss causation only in relation to the January 30,
2008 disclosure and not the July 28 disclosure. In response,
Plaintiffs contend that materiality has already been established
in the context of the previously discussed claims, and the
remaining elements of a Section 10(b) claim have been pled with
the requisite specificity

C. Whether The Section 10(b) Claims Should Be Dismissed

Reviewing the allegations of the Class Complaint in light of
the relevant legal principles concerning Section 10(b) claims and
the applicable standard of review, the Court concludes that
Plaintiffs have sufficiently pled the requirements of a Section
10(b) claim. In reaching this conclusion, the Court finds, for
the reasons discussed in the context of Plaintiffs' other claims,
that the materiality of the alleged omissions has been
sufficiently pled.

In addition, the Court is persuaded that Plaintiffs have
adequately pled scienter to withstand dismissal. To establish

17

scienter, the pleadings must "give rise to a strong inference
that [a defendant] either knew at the time that his statements
were false or was reckless in disregarding the obvious risk of
misleading the public." Institutional Investors Group v. Avaya,
Inc., 564 F.3d 242, 272 (3d Cir. 2009). The inquiry into
scienter is a case specific evaluation of the totality of the
circumstances that ultimately rests "on a practical judgment
about whether, accepting the whole factual picture painted by the
Complaint, it is at least as likely as not that the defendants
acted with scienter." Id. at 269 (referencing South Ferry LP v.
Killinger, 542 F.3d 776, 784 (9th Cir. 2008)).

Among other detailed factual allegations, Plaintiffs have
pled that Defendants knew that their accounting system was faulty
for a lengthy period of time, that the misstatements were the
result of improprieties concerning basic accounting principles,
that the errors were significant, and that Defendants have been
evasive regarding the reasons for the irregularities. See e.g.,
Key Equity Investors, Inc. v. Sel-Leb Mktg., Inc., 236 F. App'x.
780, 791 (3d Cir. 2007) ("The magnitude of the overstatements in
corporate financials has repeatedly been held to constitute
corroborating circumstances of fraudulent intent."); In re Rent-
Way Secs. Litig., 209 F. Supp. 2d 493, 507-08 (W.D. Pa.
2002)(ongoing knowledge of accounting problems was probative in
establishing scienter); In re Terayon Comm. Sys., Inc., 2002 WL
989480 (N.D. Cal. Mar. 29, 2002) (stating that "the reaction by

18

participants in the April 11 conference call to the timing of the insider sales and defendants' evasive responses further support a strong inference of scienter"). Taking these allegations in the light most favorable to Plaintiffs and reading the context of the Class Complaint as a whole, the Court is persuaded that they demonstrate that "it is at least as likely as not" that Defendants acted with scienter.

As for loss causation in the context of the July 30, 2008 disclosure, however, the Court concludes that Plaintiffs have not satisfied the requisite pleading standards to state a Section 10(b) claim. In the context of pleading a Section 10(b) claim, a plaintiff must plead "a causal connection between the material misrepresentation and the loss." Dura Pharms., Inc. v. Broudo, 544 U.S. 336, 342 (2005). With respect to loss causation, a plaintiff is held to the notice pleading standard of Rule 8, as refined in Twombly, and not the heightened pleading requirements of Rule 9(b). See Id. at 346.

In this case, Plaintiffs maintain that the January 30, 2008 statement was only a "partial disclosure" because the unexpected compliance with Sarbanes Oxley "that required a reduction in earning guidance [presented in the January statements] were in fact related to faulty accounting practices that would necessitate a restatement of [Harris Stratex's] financial statements." (D.I. 51 at ¶ 46.) However, Plaintiffs point to nothing in the January 2008 statement that discloses an

19

accounting error or other misstatements in the Registration
Statement. Plaintiffs also direct the Court to Ms. Dudash's
remarks regarding "new processs" and suggests that the "new
processes" she was referring to were the same new processes
adopted after the accounting errors were discovered. However,
there is no factual support for Plaintiff's allegations. Indeed,
Plaintiffs allege that the "faulty accounting practices" were not
discovered until months later, and Plaintiffs have failed to show
that Ms. Dudash or any other Section 10(b) Defendant understood
there to be a link between the new processes and the accounting
errors. Accordingly, the Court will grant the Section 10(b)
Defendants' Motion To Dismiss, to the extent it seeks dismissal
of the Section 10(b) claim related to the January 30, 2008
disclosure and deny the Motion in all remaining respects.

## IV. The Section 20(a) Claim Under The Exchange Act (Count IV)

### A. Elements And Pleading Requirements Of A Section 20 Claim

Section 20(a), codified at 15 U.S.C. § 78(t), "imposes joint
and several liability on the part of one who controls a violator
of Section 10(b). In re Suprema Specialties, Inc. Sec. Litig.,
438 F.3d 256, 284 (3d Cir. 2006). The elements of a Section 20
claim under the Exchange Act are the same as the elements
required to establish a claim under Section 15 of the Securities
Act.

B.    Parties' Contentions

By their Motion, Defendants Dudash, Campbell and Braun (the "Section 20 Defendants") contend that Plaintiffs' Section 20 control person claims should be dismissed because Plaintiffs have failed to allege "culpable participation." Specifically, Defendants maintain that for each Section 20 Defendant, Plaintiff must plead that "'he or she either participated in the fraud or intentionally furthered the fraud through inaction.'" (D.I. 62 at 27, citations omitted.)

In response, Plaintiffs contend that culpable participation is not required to be independently pled. Rather, Plaintiffs maintain that culpable participation must be proven at a later stage of the litigation. (D.I. 67 at 38-39.)

C.    Whether The Section 20 Claims Should Be Dismissed

Decisions from courts within this Circuit are split as to whether culpable participation must be pled in a complaint to withstand a motion to dismiss. Belmont v. MB Inv. Partners, Inc., 2010 WL 2348703, (E.D. Pa. June 10, 2010) (collecting cases and concluding that culpable participation need not be pled). Consistent with the most recent trend, the Court is persuaded that culpable participation need not be pled in the Complaint, because the facts relevant to culpable participation are usually within the control of the defendant, and thus, discovery is warranted on the issue. Id. (citing In re Am. Bus. Finan. Servs., Inc. Sec. Litig., 2007 WL 81937, at *11 (E.D. Pa. Jan. 9,

2007). For the reasons discussed in the context of Plaintiffs' Section 15 claim, the Court concludes that the Class Complaint adequately states a claim for control person liability under Section 20 of the Exchange Act. Accordingly, the Court will deny Defendants' Motion to the extent it seeks dismissal of Plaintiffs' Section 20 claims.

## CONCLUSION

For the reasons discussed, the Court will grant the Motion To Dismiss The Consolidated Class Action Complaint filed by Ernst & Young. In addition, the Court will deny the Motion To Dismiss filed by Harris. With respect to the Motion To Dismiss filed by Harris Stratex and the Individual Defendants the Court will grant the Motion as it pertains to Plaintiffs' Section 10(b) claim based upon the January 30, 2008 statement, and deny the Motion in all other respects.

An appropriate order will be entered.